IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 94 CR 481 |
| ) | |
| Richard Bailey, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM

Late last week this Court received from Richard Bailey ("Bailey") the attached letter in which Bailey seeks the appointment of counsel, presumably under the Criminal Justice Act, 18 U.S.C. § 3006A. But because Bailey provides no clue at all as to the nature of any claim for relief that he might advance, this Court cannot determine whether he is potentially entitled to such representation.

Indeed, it seems quite unlikely (perhaps an understatement) that Bailey can establish even a colorable basis for post-conviction relief at this point. Some relevant background information is provided by the attached September 11, 2003 order from our Court of Appeals, which identified part (but not all) of Bailey's efforts to obtain such relief after that court's 1996 affirmance of his conviction and sentence. In addition, back in June 2001 Bailey had gone to the Court of Appeals to request its authorization for a second or successive 28 U.S.C. § 2255 ("Section 2255") motion, and he then did so again in March 2005,

thus confirming and reconfirming his awareness of the limitations on such repeated efforts as set out in Section 2255(h) and 28 U.S.C. § 2244.[1]

Because Bailey has also sent a copy of his current letter to attorney Zellner, this Court will await further input from her (or from Bailey himself if he has an opportunity to communicate with her) to provide a more meaningful -- and more persuasive -- request. In the meantime nothing can or will be done by this Court.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: September 16, 2008

---

[1] Although attorney Kathleen Zellner did not represent Bailey initially or on his direct appeal, she handled a portion of his post-conviction efforts. As Bailey's current letter reflects, he has also transmitted a copy to attorney Zellner.

[2] If and when Bailey fleshes out his request, it must also be accompanied by an appropriate financial showing. For that purpose this Court's minute clerk is sending copies of the requisite form to Bailey together with a copy of this memorandum.

2

Dear Honorable Judge Schadur,  September 5, 2008.

Your Honor, I am writing you seeking justice that only you can institute. I am a man of indigent nature, as per my period and length of incarceration, and need assistance in a sincere legal predicament. There has been new legal delineation, within the Supreme Court, on "statue's substantiality requirements", on the terms internal to the MONEY-LAUNDERYING, sufficiency of evidence, in which reflects clearly on my case.

There are additional "matters of justice" that were never brought forth, that reinforce ~~this oppression of the TRUTH, that~~ I believe intermediate time has come, and now requires professional representation to the courts, as well as does my person position under the "New" Supreme Court's conclusion of "terms" and their meanings under Law.

If you do remember that Ms. Kathleen T. Zellner, was my previous legal representative and someone very familiar with my case. I have tried to contact Kathleen, about the "matters of justice", and she, 'I believe needs YOUR authority to assist me in both of these matters'??? As you can see I have also sent to her a copy of this letter hoping that something can be worked out to allow her to Legally Represent me in the future, in these matters. The Case Law that I am referring to is in substance, related to the; SANTOS case, and CUELLAR case, both favorable in nature to my direct circumstances.

Your Honor I would appreciate your appointment of counsel to this individual of indigent means, and lacking Pro-se-litigant capabilities.

Thank you and wait for your appointment, of Ms. Zellner.
Sincerely, *[signature]*
Richard Bailey. Fed. I.D. # 08727-424.

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted May 23, 2003
Decided June 23, 2003

FILED SEP 0 5 2003 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

A True Copy Teste:

Clerk of the United States Court of Appeals for the Seventh Circuit

CERTIFIED COPY

DOCKETED SEP 1 1 2003

DOCKETED SEP 1 1 2003

Before

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 03-1940

RICHARD BAILEY,
*Petitioner-Appellant,*

v.

UNITED STATES OF AMERICA,
*Respondent-Appellee.*

Appeal from the United States
District Court for the Northern
District of Illinois, Eastern Division

No. 97 C 7665

Milton I. Shadur,
Judge.

ORDER

In 1995 Richard Bailey pleaded guilty to charges of conspiracy to conduct racketeering, racketeering, mail fraud, wire fraud, money laundering, and unlawful monetary transactions. This court affirmed his conviction on direct appeal. *See United States v. Bailey*, 97 F.3d 982 (7th Cir. 1996). In 1997 Bailey filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, which the district court dismissed as untimely. *United States v. Bailey*, No. 97 C 7665, 1997 WL 757869 (N.D. Ill. Nov. 26, 1997). Bailey appealed, but then voluntarily dismissed his appeal. *See* Fed. R. App. Proc. 42(b).

In 2002 Bailey filed what he called a motion under Federal Rule of Civil Procedure 60(b), seeking relief from the district court's 1997 dismissal of his § 2255 motion. The district court first dismissed Bailey's motion as a successive § 2255 motion filed without permission from this court, *United States v. Bailey*, No. 97 C 7665, 2002 WL 31526557 (N.D. Ill. Nov. 14, 2002), but upon "further consideration"

No. 03-1940											Page 2

construed Bailey's filing as a 60(b) motion and denied it. *United States v. Bailey*, No. 97 C 7665, 2002 WL 31779911 (N.D. Ill. Dec. 11, 2002). Bailey then filed a motion "to vacate or requesting clarification," which the district court denied. Bailey appeals from the district court's denial of his motion requesting clarification, and we summarily AFFIRM the district court's judgment. *See Dunlap v. Litscher*, 301 F.3d 873 (2002).

